IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01198-MSK-MEH

HCA-HEALTHONE LLC,
d/b/a SWEDISH MEDICAL CENTER,

      Plaintiff,

v.

SUSAN LOU SPARKS TRUST,
VANCE SPARKS, as Trustee of the Susan Lou Sparks Trust, and
WIRTAINE SPARKS, as Trustee of the Susan Lou Sparks Trust,

      Defendants.

## ORDER GRANTING LEAVE TO AMEND ANSWER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Defendants Vance Sparks and Wirtaine Sparks, in their respective capacities as Trustees of the Susan Lou Sparks Trust, have moved the Court for leave to amend their responsive pleadings. The Defendants each want to add the affirmative defenses of acts or omissions of third parties, comparative negligence, and failure to mitigate. Further, Defendant Vance Sparks seeks to add two additional counterclaims for negligent misrepresentation and negligence. The Plaintiff opposes the amendment, arguing that the amendments would be futile, that the Plaintiff would be prejudiced by the Court allowing the amendments at this time, and that the amendments are untimely.

## DISCUSSION

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend falls within the discretion of the trial court. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F. 2d 1022, 1028 (10th Cir. 1992), *cert. denied*, 113 S.Ct. 601 (1992). "Refusing leave to amend is generally only justified upon a showing

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has noted that trial courts should be liberal in granting amendments. *Triplett v. Leflore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

First, the motion of the Defendants is timely. Under the Scheduling Order entered in this matter, the deadline for amendment of pleadings was set for November 6, 2006 (Docket #10). The motion was filed on November 6, 2006.

Second, Plaintiff argues that the Defendants have failed to provide evidence and affidavits in support of their proposed amendments which would survive summary judgment. However, providing support to survive summary judgment is not the standard here. A district court is clearly justified in denying a motion to amend as futile, if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Plaintiff has failed to demonstrate that the proposed amendments are either factually or legally insufficient under the standards of a motion to dismiss, i.e., that it is apparent the Defendants can prove no set of facts which would entitle them to relief. *Cf. Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Finally, prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

Plaintiff alleges prejudice because additional discovery will be required, and posits that the added claims will increase the case's complexity and add to the expense of litigation. However, this

is not the type of prejudice that is contemplated by Rule 15. The prejudice with which the rules is concerned is the prejudice to the party's ability to prosecute or defend. In this case, there is ample time to complete discovery prior to the March 30, 2007, deadline. Further, the Plaintiff has provided no explanation of what additional complexity or expense it will incur or what undue difficulty it will confront in defending against the proposed counterclaims. The record provides no basis for a finding of undue prejudice to the Plaintiff in allowing the amended Answer.

## CONCLUSION

Based on the foregoing, and the entire record herein, it is ORDERED that Vance Sparks' and Wirtaine Sparks' Joint Motion for Leave to Amend Answer and Counterclaims [filed November 6, 2004; Docket #20] is **granted**.

On or before December 21, 2006, Defendant Vance Sparks shall file his Amended Answer, Jury Demand and Counterclaims and Defendant Wirtaine Sparks shall file her Amended Answer and Jury Demand with the office of the Clerk of this Court in accordance with the District of Colorado Electronic Case Filing ("ECF") Procedures. The amended pleadings shall be in the same format and substance of that which was tendered with the Joint Motion for Leave to Amend Answer and Counterclaims on November 6, 2006.

Dated at Denver, Colorado, this 19th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge