IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01198-MSK-MEH

HCA-HEALTHONE LLC,
d/b/a SWEDISH MEDICAL CENTER,

     Plaintiff,

v.

SUSAN LOU SPARKS TRUST,
VANCE SPARKS, as Trustee of the Susan Lou Sparks Trust, and
WIRTAINE SPARKS, as Trustee of the Susan Lou Sparks Trust,

     Defendants.

## ORDER ON MOTION TO COMPEL DISCOVERY

Plaintiff has filed a motion to compel more complete responses to written discovery (Docket #55). The matter is briefed. For the following reasons, the motion is granted in part and denied in part.

In this action Swedish Medical Center seeks to recover costs of medical care that it provided to Susan Lou Sparks. Ms. Sparks had a Trust into which she placed certain assets. Wirtaine and Vance Sparks are Trustees of the Trust. Swedish believes that the Trust contains financial resources that rightfully should be used to pay the alleged $1,285,165.92 debt it is owed for medical care provided to Susan Lou Sparks.

Plaintiff submitted written discovery requests to Defendants. The following are the requests that are at issue, and the Court's ruling as to each[1]:

---

[1] The Court agrees that the Plaintiff has not fully complied with the local rules requiring a party to reproduce verbatim the written discovery request at issue. Plaintiff is advised that the rule requires reproduction of the requests in the motion and not merely as an attachment.

1.      Vance Sparks Interrogatory No. 10

This interrogatory seeks an accounting of the Trust's assets as of September 18, 2005. Defendants object on relevance grounds. Defendants argue that Plaintiff is entitled to this information only if it prevails on its claim of entitlement to Trust resources, and further that such information would not be admissible at trial. However, the Court finds such information relevant for purposes of discovery, especially considering the inefficiency of completely separate proceedings on the merits of Plaintiff's claim and the ability of the Trust to pay any potential judgment. Further, it is the District Judge who will decide what evidence is admissible at trial, and obviously, admissibility is not the standard for determining relevance during discovery. The motion is granted as to Interrogatory No. 10.

2.      Vance Sparks Interrogatory No. 11

Plaintiff seeks to identify the actions that Trustee Vance Sparks has taken "to terminate the trust and distribute trust assets" upon the death of Susan Lou Sparks. Defendants respond that Vance Sparks has taken no actions to terminate the Trust. Therefore, Defendants did not address any distribution of trust assets. Because Plaintiff phrased the question with the conjunctive "and" as opposed to the disjunctive "or," Defendants' response is accurate and complete (with the understanding that Mr. Sparks has, indeed, taken *no* actions to terminate the Trust, keeping in mind that emptying a trust of its assets may be viewed by some as akin to terminating it). Although Plaintiff may want to issue supplemental written discovery on this issue, as the matter now stands, the motion to compel is denied as to Interrogatory No. 11.

3.      Vance Sparks Interrogatory No. 12

This interrogatory sought the present value of assets contained in the Susan Lou Sparks Trust. For the reasons stated in the Order concerning Interrogatory No. 10, the motion to compel is granted

as to Interrogatory No. 12.

4.      Vance Sparks Interrogatory No. 13

In this interrogatory, Plaintiff sought certain information with regard to any Request for Admission as to which Defendants did not provide an unqualified admission. In particular, Plaintiff complains that Defendants did not provide the name, address and other identifying information of persons who have knowledge of the basis for the denial. The Court believes that Defendants have adequately responded to the interrogatory. It is clear from Defendants' responses to the Requests for Admission that the person with knowledge is Defendant Vance Sparks. For this reason, the motion to compel with regard to Interrogatory No. 13 is denied.

5.      Wirtaine Sparks Interrogatory No. 8

This interrogatory seeks the same information as Vance Sparks Interrogatory No. 13. For the same reasons, including the obvious fact that it is Wirtaine Sparks who has knowledge of the reasons for the failure to unqualifiedly admit, the motion to compel as to Interrogatory No. 8 is denied.

All requests for fees and costs are denied.

## CONCLUSION

Based on the foregoing, and the entire record herein, it is ORDERED that Plaintiff's Motion to Compel [filed January 31, 2007; Docket #55] is **granted in part** and **denied in part**. Responses as directed above shall be provided no later than March 27, 2007.

Dated at Denver, Colorado, this 12th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge